IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and the STATE OF MISSOURI, | ) ) ) | Civil Action No.   4:13 cv 02548 |
| | ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL COMPLAINT FOR |
| TECK AMERICAN, INCORPORATED, and DII INDUSTRIES, LLC, | ) ) | NATURAL RESOURCE DAMAGES |
| | ) | |
| Defendants. | ) ) | |

The United States of America, on behalf of the United States Department of the Interior and the United States Department of Agriculture, and the State of Missouri, by and through Attorney General Chris Koster and the Missouri Department of Natural Resources ("State" or "State of Missouri"), file this complaint and allege as follows:

NATURE OF ACTION

This is a civil action brought against Teck American, Incorporated and DII Industries, LLC, pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9607; Section 311 of the Clean Water Act (CWA), 33 U.S.C. § 1321;  and MO. REV. STAT. § 644.096 of the Missouri Clean Water Law for the recovery of damages for injury to, destruction of, loss of, and loss of use of natural resources and their services resulting from the release and threat of a release of hazardous substances at and from the former Magmont Mine and Mill in Bixby, Missouri, in the Viburnum Trend in Southeast Missouri.

<u>JURISDICTION AND VENUE</u>

1.      This court has jurisdiction over the subject matter of this claim pursuant to

28 U.S.C. §§ 1331, 1345, 1362 and 2201; 42 U.S.C. §§ 9607(a) and 9613(b); and 33 U.S.C. §§

1321(e)(2) and (n).

2.      Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C.

§ 9613(b); 33 U.S.C. § 2717(b); and 28 U.S.C. § 1391(b).

<u>PARTIES</u>

3.      The Department of Interior, Fish and Wildlife Service, and the U.S. Department

of Agriculture, Forest Service, are trustees for natural resources injured as a result of releases of

hazardous substances caused by Defendant pursuant to Federal statutes, including Section

107(f)(2)(A) of CERCLA, 42 U.S.C. § 9607(f)(2)(A), and Section 311(f)(5) of the Clean Water

Act, 33 U.S.C. § 1321(f)(5).

4.      Plaintiff State of Missouri is a state trustee for natural resources injured as a result

of releases of hazardous substances in Missouri pursuant to federal and state statutes, including

Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 311(f)(5) of the Clean Water Act, 33

U.S.C. § 1321(f)(5), 40 C.F.R. § 300.605, and Mo. Rev. Stat. § 644.096 of the Missouri Clean

Water Law.

5.      Defendant Teck American, Incorporated ("Teck"), is a privately held corporation

that has its principal place of business in Spokane, Washington.  Teck was formerly Cominco

American Incorporated, and joined with Dresser Industries to form the Magmont Joint Venture.

6.      Defendant DII Industries, LLC ("DII"), is a wholly-owned subsidiary of

Haliburton Company, and a limited liability corporation incorporated in Delaware. The United

States alleges that DII is the legal successor in interest to Dresser Industries, which also formerly

operated as the Magnet Cove Barium Corporation.  Dresser Industries joined with Teck to form

– 2 –

the Magmont Joint Venture.

GENERAL ALLEGATIONS

7.     The Magmont Mine and Mill, and its associated tailings impoundments, basins, outfalls, and other facilities (hereinafter "the Mine and Mill"), are located in the Black River / Little St. Francis River watershed, near Bixby, in Iron County, Missouri, within the Mark Twain National Forest and the Viburnum Trend.

8.     The mine and mill were developed and jointly owned by Cominco American Incorporated and Dresser Industries, operating as Magnet Cove Barium Corporation, from 1968 to 1995.  It was operated by Cominco American. Mill tailings and other wastes from mining and milling operations were disposed into a tailings impoundment, which drained into a secondary impoundment, and thence to the Left Fork of Neals Creek, a tributary of the Black River.

9.     Releases of hazardous substances from the Mine and Mill have resulted in injuries to, destruction of, loss of, and the loss of use of natural resources and services from natural resources, including but not limited to losses of services from the vegetative community, surface waters, and aquatic communities in and around the Mine and Mill, and in Crooked, Neals, and Strother Creeks.

10.     In addition, hazardous substances released to lands surrounding the tailings impoundment have resulted in injuries and resulting service losses, including but not limited to injuries to migratory birds and songbirds.

11.     Under Section 107 of CERCLA, 42 U.S.C. § 9607, and 43 C.F.R. Part 11, the Plaintiffs, as natural resource trustees, are entitled to recover damages for injury to natural resources, including (1) the cost to restore, replace, or acquire the equivalent of such natural resources; (2) the compensable value of lost services resulting from the injury to resources; and

– 3 –

(3) the reasonable cost of assessing injuries to natural resources and resulting damages.

12.     Under Section 311(f)(4) of the Clean Water Act, 33 U.S.C. § 1321(f)(4), and Mo. Rev. Stat. § 644.096, the Plaintiffs are entitled to recover damages for injuries to natural resources, including the costs of restoring or replacing natural resources damaged or destroyed.

<u>FIRST CLAIM FOR RELIEF</u>
<u>Natural Resource Damages Under CERCLA</u>

13.     The allegations set forth in paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

14.     Defendants are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

15.     The Mine and Mill, and the facilities comprising the Mine and Mill, are each and every one a "facility" within the meaning Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

16.     Hazardous substances were released from each of those facilities into the environment within the meaning of Sections 101(22) and 101(8) of CERCLA, 42 U.S.C. § 9601(22) and (8).

17.     Defendants Teck and DII are jointly and severally liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a), because they were the owners and/or operators of facilities at the time hazardous substances released at and from those facilities, and because, as set forth above, the release of hazardous substances from the facilities owned and/or operated by Teck and DII caused injury to, destruction of, and loss of natural resources in surrounding lands and other areas, and in Crooked Creek, Neals Creek, Strother Creek and surrounding areas, within the meaning of Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(c).

18.     The United States and the State have incurred and continue to incur costs related to the assessment of the loss of natural resources for which they are trustees, resulting from the

– 4 –

release of hazardous substances from the facilities owned or operated by Teck and DII.

SECOND CLAIM FOR RELIEF
Natural Resource Damages Under the Clean Water Act and State Law

19.     The allegations set forth in paragraphs 1 through 18 are re-alleged and incorporated herein by reference.

20.     The facilities owned or operated by Teck and DII are onshore facilities within the meaning of section 31l(f)(1) of the CWA, 33 U.S.C. § 1321(f)(1).

21.     Under Mo. Rev. Stat. § 644.096 of the Missouri Clean Water Law, the State may recover actual damages, including all costs and expenses necessary to establish or collect any sums under MO. REV. STAT. §§ 644.006 to 644.141 and the costs and expenses of restoring any waters of the state to their condition as they existed before a violation of the Missouri Clean Water Law has occurred, sustained by it because of the violation.

22.     There have been discharges of hazardous substances in harmful quantities into the air, soils, water, and aquatic systems in the vicinity of the Mine and Mill from the facilities owned or operated by Teck and DII.  Discharges of hazardous substances from the facilities owned or operated by Teck and DII into the air, soils, water and aquatic systems have affected, damaged or destroyed natural resources belonging to, appertaining to, or under the exclusive management authority of the Plaintiffs in violation of state and federal clean water laws.

23.     Teck and DII are therefore liable to Plaintiffs for natural resource damages resulting from discharges of hazardous substances into the air, soils, water, and aquatic systems in the vicinity of the Sites pursuant to section 311(f) of the CWA, 33 U.S.C. § 1321(f) and Mo. Rev. Stat. §  644.096 of the Missouri Clean Water Law.

– 5 –

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

(1)     Enter a judgment in favor of Plaintiffs against Defendants, for joint and several liability pursuant to CERCLA Section 107(a)(4)(C), 42 U.S.C. § 9607(a)(4)(C), for all damages for injury to, destruction of, and loss of natural resources within the trusteeship of the United States and the State resulting from the releases of hazardous substances described herein, including the unreimbursed past, present, and future costs of assessing such damages, the cost of restoring, replacing, and/or acquiring the equivalent of those injured resources, and the past, present, and future diminution in value of those resources pending restoration or replacement, in an amount to be proven at trial;

(2)     Enter a judgment in favor of Plaintiffs against Defendants, pursuant to Section 311(f)(4) of the Clean Water Act, 33 U.S.C. § 1321(f)(4) and Mo. Rev. Stat. §  644.096 of the Missouri Clean Water Law, for joint and several liability for all costs of restoring, replacing, and/or acquiring the equivalent of natural resources damaged or destroyed as a result of the releases of hazardous substances described herein, and including the costs of assessing such damages and the diminution in value of those resources pending restoration or replacement, in an amount to be proven at trial.

(3)     Enter a judgment in favor of Plaintiffs against Defendant for joint and several liability for all costs of this action, including attorneys' fees; and

(4)     Award Plaintiffs such other and further relief as this Court may deem appropriate.

Respectfully submitted,

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division


//s// Frederick S. Phillips
FREDERICK S. PHILLIPS
Senior Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0439
Frederick.phillips@usdoj.gov


RICHARD G. CALLAHAN
United States Attorney
Eastern District of Missouri

NICHOLAS LLEWELLYN
Civil Chief
Office of the United States Attorney
111 S. 10th Street, 20th Floor
St. Louis, Missouri  63102
(314) 539-7637



OF COUNSEL

AMY HORNER
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW
Washington, D.C.  20240

STEVE HIRSCH
Office of the General Counsel
United States Department of Agriculture
1400 Independence Avenue, SW
Washington, D.C.  20250-1400

CHRIS KOSTER
Attorney General
State of Missouri


___*s/ Don Willoh*_____
DON WILLOH
Assistant Attorney General
P.O. Box 899
Jefferson City, MO  65102
P: (573) 751-8795
F: (573) 751-8796
don.willow@ago.mo.gov