IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, and the STATE OF MISSOURI, | ) ) ) | No.    4:13 cv 2548 |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) | CONSENT DECREE |
| TECK AMERICAN, INC. and DII INDUSTRIES, LLC, | ) ) ) |  |
| Defendants. | ) ) |  |

## I.   INTRODUCTION

The United States of America, on behalf of the United States Department of the Interior,

Fish and Wildlife Service, and the United States Department of Agriculture, Forest Service

(collectively the "United States"), and the State of Missouri, at the relation of Attorney General

Chris Koster and the Missouri Department of Natural Resources (the "State" or "State of

Missouri"), (collectively, "Plaintiffs"), and defendants Teck American Incorporated, a

Washington corporation, and DII Industries, LLC, a Delaware limited liability company

(collectively "Defendants") hereby enter into this Consent Decree to resolve Plaintiffs' claims

against Defendants under Section 107 of the Comprehensive Environmental Response,

Compensation and Liability Act of 1980 (CERCLA), 42 U.S.C. § 9607; Section 311 of the Clean

Water Act, 33 U.S.C. § 1321; and Section 644.096, RSMo, of the Missouri Clean Water Law for

the recovery of natural resource damages allegedly resulting from the release and threat of release

of hazardous substances at and from the Magmont Mine and Mill Site ("Site") in the Viburnum

Trend in Southeast Missouri.

## II.   RECITALS

A.      The United States Department of the Interior, the United States Department of

Agriculture, and the Missouri Department of Natural Resources on behalf of the State of

Missouri (the "Trustees") under the authority of CERCLA, 42 U.S.C. § 9601, *et seq.* and 40

C.F.R. Part 300, subpart G, serve as trustees for natural resources for the assessment and

recovery of damages for injury to, destruction of, or loss of natural resources under their

trusteeship.

B.      The Trustees have found that hazardous substances have been released into the

environment at and from the Site; that public trust natural resources have likely been injured by

the releases; that data sufficient to pursue a natural resource damage assessment are available or

could likely be obtained at a reasonable cost; and that, without further action, implemented and

planned response actions are unlikely to adequately address the resource injuries.  The Trustees

have notified representatives of known potentially responsible parties at the Magmont Mine and

Mill Site of their intent to conduct a natural resource damage assessment.

C.      The Trustees have also gathered data and completed studies to assess injuries to

natural resources at and near the Site and have undertaken other studies to assess impacts of

contaminants on vegetation, riparian and stream sediments, benthic organisms, mussels, and

avian species in certain areas of the Viburnum Trend.  Based on this research and information,

the Plaintiffs and Defendants (the "Parties") agree that no further natural resource damage

- 2 -

assessment is required to effectuate the purposes of this Consent Decree, with respect to Defendants.  Although the Trustees have initiated but not yet completed a natural resource damage assessment for the Site, the Trustees have developed and analyzed information sufficient to support a settlement that is fair, reasonable and in the public interest.

D.      Based on the results of the damage assessment studies, investigations, regulatory standards, and scientific literature, the Trustees have developed an estimate of the amount of injury to natural resources alleged to have occurred as a result of releases of hazardous substances at or from the Magmont Mine and Mill Site.  The Trustees quantified the effects of the injuries over time, discounted to the current year.

E.      Plaintiffs have filed a Complaint in this action alleging that Defendants are liable under Section 107 of CERCLA, 42 U.S.C. § 9607; Section 311 of the Clean Water Act, 33 U.S.C. § 1321; and Section 644.096, RSMo, of the Missouri Clean Water Law, for damages for injury to, destruction of, and loss of natural resources and their services resulting from releases and threatened releases of hazardous substances at or from the Magmont Mine and Mill Site, including the costs of assessing the damages.  The Defendants deny the allegations in the Complaint and do not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the Complaint and the matters alleged in this Consent Decree.

F.      Plaintiffs and Defendants agree, and this Court by entering this Decree finds, that this Decree has been negotiated by the Parties in good faith; that settlement of this matter will avoid prolonged and complicated litigation between the Parties; and that this Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

### III.   JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1367, 42 U.S.C. §§ 9607 and 9613(b), and 33 U.S.C. § 2717(b). The Court has personal jurisdiction over the Defendants. Solely for the purposes of this Decree and the underlying Complaint, Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. The Defendants may not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree.

### IV.   PARTIES BOUND

2.      This Decree is binding upon the United States and the State of Missouri, and upon Defendants and their successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to any transfer of assets or real or personal property, will in no way alter the status or responsibilities of Defendants under this Decree.

### V.   DEFINITIONS

3.      Unless otherwise expressly provided, terms used in this Decree that are defined in CERCLA or in regulations promulgated under CERCLA have the meanings assigned to them in CERCLA or in such regulations. Whenever the terms listed below are used in this Decree or in any attached appendix, the following definitions will apply:

a.      "CERCLA" means the Comprehensive Environmental Response Compensation and Liability Act of 1980, as amended, 42 U S C. § 9601, *et seq.*

b.      "Magmont Mine and Mill Site" or "the Site" means the real property on which the Magmont Mine and Mill were and are located and the area in and around Neals Creek. It does not include the haul roads leading to and from the Site.

c.      "Magmont Mine and Mill Site Restoration Account" means the Magmont Mine and Mill Subaccount within the U.S. Department of the Interior's Restoration Fund.

d.      "Consent Decree" or "Decree" means this Consent Decree and all attached appendices. In the event of a conflict between this Consent Decree and any Appendix, the Consent Decree will control.

e.      "Day" means a calendar day. In computing any period of time under this Consent Decree, where the last day falls on a Saturday, Sunday, or Federal holiday, the period of time will run until the close of business of the next working day.  "Working day" means a day other than a Saturday, Sunday, or Federal or State holiday.

f.      "Defendants" means Teck American Incorporated ("Teck") and DII Industries, LLC ("DII").

g.      "Natural Resources" means that definition as provided in 42 U.S.C. § 9601(16).

h.      "Natural Resource Damages" means damages, including costs of damage assessment, recoverable under Section 107 of CERCLA, 42 U.S.C. § 9607, and § 644.096, RSMo, of the Missouri Clean Water Law, for injury to, destruction of, or loss of natural resources and natural resource services resulting from releases of hazardous substances at or from the Magmont Mine and Mill Site (including the lands in and around Neals Creek).

i.      "Parties" mean the United States, the state of Missouri, Teck and DII.

- 5 -

j.      "Plaintiffs" means the United States and the State of Missouri at the relation of Attorney General Chris Koster and the Missouri Department of Natural Resources.

k.      "Trustees" mean the United States Department of the Interior, acting through the Fish and Wildlife Service, the United States Department of Agriculture, acting through the Forest Service, and the state of Missouri, acting through the Missouri Department of Natural Resources.

## VI.   GENERAL PROVISIONS

4.      The Complaint states claims upon which relief may be granted.

5.      Nothing in this Consent Decree shall be construed as an admission of liability by any of the Defendants for any claims or allegations made in the Complaint or in this Consent Decree.

6.      This Consent Decree shall not be used as evidence of Defendant's alleged liability in any action or proceeding other than an action or proceeding to enforce the terms of this Consent Decree.

## VII.   PAYMENT OF NATURAL RESOURCE DAMAGES

7.      Within 30 days of entry of this Decree, Defendants shall pay the sum of One Million Four Hundred Thousand Dollars ($1,400,000.00) for Natural Resource Damages to the Trustees, as follows:

a.      Past Costs: Defendants shall pay to the United States, as compensation for Past Costs incurred by the U.S. Department of the Interior, the sum of Eighty-Two Thousand, Two Hundred and Thirty-Seven  Dollars and Eight-Two Cents ($82,237.82).  This payment shall be made to the United States Attorney's Office, Eastern District of Missouri by FedWire

Electronic Funds Transfer ("EFT") in accordance with instructions to be provided to Defendants by the Financial Litigation Unit of the U.S. Attorney's Office, Eastern District of Missouri.  Any payments received by the Department of Justice after 4:00 p.m. Eastern Standard Time shall be credited on the next business day.  Defendant shall provide at least five days notice to the Financial Litigation Unit before making the transfer.  Defendants' payment shall reference "Magmont Mine and Mill Assessment Costs."

   b. Past Costs: Defendants shall pay to the United States, as compensation for Past Costs incurred by the U.S. Department of Agriculture, Forest Service, the sum of Eighteen Thousand, Seven Hundred Twenty-Six Dollars and Seventy-One Cents ($18,726.71).  This payment shall be made to the United States Attorney's Office, Eastern District of Missouri by FedWire Electronic Funds Transfer ("EFT") in accordance with instructions to be provided to Defendants by the Financial Litigation Unit of the U.S. Attorney's Office, Eastern District of Missouri.  Any payments received by the Department of Justice after 4:00 p.m. Eastern Standard Time shall be credited on the next business day.  Defendant shall provide at least five days notice to the Financial Litigation Unit before making the transfer.  Defendants' payment shall reference "Magmont Mine and Mill Assessment Costs."

   c. Past Costs: To the State of Missouri, the sum of Forty-Two Thousand, Eight Hundred and Two Dollars and Ninety Cents ($42,802.90), directed to the Missouri Department of Natural Resources, as compensation for MDNR Past Costs.  This Payment to the State of Missouri shall be made by Automated Clearing House (ACH) Transfer to the State of Missouri Department of Natural Resources in accordance with current ACH procedures with

"Magmont Mine and Mill Assessment Costs" noted in the addendum information.  Payment shall be made in the amount indicated to:

| | |
|---|---|
| Trustee: | State of Missouri |
| Amount: | $42,802.90 |
| Payee: | Missouri Department of Natural Resources |
| Routing & Transit Number: | 086507174 |
| Account Number: | 7800090 |
| Bank Name: | Office of MO State Treasurer (Processing through Central Bank) |
| Bank Address: | P O Box 210 |
| City/State/Zip: | Jefferson City, MO  65102 |

    d.  Other Payments:  After completing the payments required by subparagraphs (a), (b), and (c), Defendants shall pay the balance due, or One Million Two Hundred Fifty-Six Thousand, Two Hundred and Twenty-Five Dollars and Fifty-Seven Cents ($1,256,225.57) to the Trustees.  This payment shall be made by FedWire Electronic Funds Transfer ("EFT") in accordance with instructions to be provided to Defendants by the Financial Litigation Unit of the U.S. Attorney's Office, Eastern District of Missouri.  Any payments received by the Department of Justice after 4:00 p.m. Eastern Standard Time shall be credited on the next business day.  Defendants shall provide at least five days notice to the Financial Litigation Unit before making the transfer.  Defendants' payment shall reference "Magmont Mine and Mill Natural Resource Damages Account."

    8.  At the time of each payment Defendants will send notice that payment has been made to the Trustees and the U.S. Department of Justice ("DOJ") in accordance with Section

XIV (Notices and Submissions).  Such notice will reference the Magmont Mine and Mill NRDA, DOJ case number 90-11-3-09424, and the civil action number of this civil action.

### VIII.   FAILURE TO MAKE TIMELY PAYMENT

9.      a.      If Defendants fail to make the payments required by Paragraph 7 by the required due date, Defendants shall pay interest on the amount of original payment due, assessed at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest is the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Interest will continue to accrue on the unpaid balance beginning on the applicable due date under Paragraph 7 through the date on which payment is made.

b.      If any payment required by Paragraph 7 is not made by the required due date, Settling Defendants shall pay, in addition to the interest paid under the preceding subparagraph, stipulated penalties in the following amounts for each additional day the payment remains unpaid:

| Daily Penalty | Period of Non-Payment |
|---|---|
| $1,000 | 1st through 14th Day |
| $1,500 | 15th through 30th Day |
| $2,000 | 31st Day and Beyond |

c.      If Plaintiffs bring an action to enforce this Consent Decree, Defendants will reimburse Plaintiffs for the reasonable costs of such action, including but not limited to costs of attorney time.  The Trustees may use sums paid as additional penalties under this Paragraph to

pay unreimbursed damage assessment costs, to fund or contribute to additional actions to restore Viburnum Trend natural resources appertaining to the Magmont Mine and Mill Site, and/or for long-term restoration oversight and stewardship.

## IX.   COVENANT NOT TO SUE BY PLAINTIFFS

10.     Except as specifically provided in Section X (Reservations of Rights) below, Plaintiffs covenant not to sue or to take administrative action against Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a); Section 311 of the Clean Water Act, 33 U.S.C. § 1321; and Section 644.096, RSMo, of the Missouri Clean Water Law to recover Natural Resource Damages.  This covenant not to sue will take effect upon receipt by all Trustees of the payments required by Paragraph 7, and is conditioned upon the satisfactory performance by Defendants of all payment and notice obligations under this Decree.  This covenant not to sue extends only to Defendants and their successors, and assigns, and does not extend to any other person.

## X.   RESERVATIONS OF RIGHTS

11.     Plaintiffs reserve, and this Decree is without prejudice to, all rights against Defendants with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiffs in Paragraph 10. Notwithstanding any other provision of this Decree, Plaintiffs reserve, and this Decree is without prejudice to, all rights against Defendants with respect to:

a.      liability for failure of Defendants to meet a requirement of this Decree;

b.      liability for all response costs incurred and to be incurred by Plaintiffs in response to releases and/or threats of releases of hazardous substances at or from the Magmont Mine and Mill Site;

c.      liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

- 10 -

    d.      criminal liability to the United States or State;

    e.      liability for injury to, destruction of, or loss of natural resources and their services other than "Natural Resource Damages" as defined in Paragraph 3(h). This reservation therefore includes all rights against Defendants with respect to liability for injury to, destruction of, or loss of Natural Resources resulting from releases of hazardous substances at or from the haul roads leading to and from the Site.

## XI.   REOPENERS

12.    Notwithstanding any other provision of this Consent Decree, the Plaintiffs reserve, and this Consent Decree is without prejudice to, the right to institute proceedings against any Defendant in this action or in a new action for:

    a.      Claims based on a failure of Defendants to satisfy the requirements of this Consent Decree; and

    b.      Additional claims for Natural Resource Damages if conditions, factors or information about the Magmont Mine and Mill Site, not known to the Trustees at the time of entry of this Consent Decree, are discovered that, together with any other relevant information, indicates that there is injury to, destruction of, or loss of natural resources and their services of a type unknown, or of a magnitude significantly greater than was known, at the time of entry of this Consent Decree, which is attributable to a Defendant.  For purposes of this Paragraph, information known to the Trustees shall consist of any information in the files of, or otherwise in the possession of, any one of the individual Trustees, or their contractors or consultants who worked on the Trustees' natural resource damage assessment, as of the date of entry of this Consent Decree.

- 11 -

## XII.   COVENANT NOT TO SUE BY DEFENDANTS

13.     Defendants each covenant not to sue and agree not to assert any claims or causes of action against the United States and the State or their contractors or employees, for any civil claims or causes of action relating to Natural Resource Damages. Except as provided in Paragraph 17, this covenant not to sue shall not apply in the event that the Trustees bring causes of action or issue orders pursuant to the reservation set forth in Paragraph 12(b), but only to the extent that Defendants' claims arise from the same damages that the Trustees are seeking pursuant to the applicable reservation.

## XIII.   EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

14.     Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action they each may have with respect to any matter, transaction, or occurrence relating in any way to the Magmont Mine and Mill Site against any person not a Party hereto.

15.     The Parties agree, and by entering this Consent Decree this Court finds, that each Defendant is entitled, as of the effective date of this Consent Decree, to protection from contribution actions or claims as provided by CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2) for Natural Resource Damages, and as provided by RSMo § 537.060.

16.     Each Defendant agrees that it will notify the Trustees and the United States in writing no later than 60 days before bringing a suit or claim for contribution for Natural Resource Damages.  Each Defendant also agrees that it will notify the Trustees and the United States in

writing within 10 days of service of a complaint or claim upon it relating to a suit or claim for contribution for Natural Resource Damages. In addition, each Defendant will notify the Trustees and the United States within 10 days of service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial for matters related to this Decree.

17.     In any subsequent administrative or judicial proceeding initiated by the Plaintiffs for injunctive relief, recovery of response costs, or other appropriate relief other than Natural Resource Damages, each Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the Plaintiffs in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenant not to sue set forth in Paragraph 10.

## XIV.  NOTICES AND SUBMISSIONS

18.     Whenever notice is required to be given or a document is required to be sent by one Party to another under the terms of this Decree, it will be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified constitutes complete satisfaction of any written notice requirement of the Decree for Plaintiffs and Defendants.

As to the United States and as to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(DJ # 90-11-3-09424)

As to the United States Department of the Interior:

Amy L. Horner
Office of the Solicitor - U.S. Dept. of the Interior
Environmental Restoration Branch/NRD
1849 C St NW, MS 5325
Washington, DC   20240

As to the United States Department of Agriculture:

Steven F. Hirsch
USDA, Office of the General Counsel
Room 2015 South Building
1400 Independence Avenue, S.W.
Washington, D.C.  20250

As to the State:

Jessica L. Blome
Assistant Attorney General
Missouri Attorney General
Agriculture and Environment Division
P.O. Box 899
Jefferson City, MO 65102

Director – Hazardous Waste Program
State Natural Resource Damage Assessment Coordinator
Missouri Department of Natural Resources
Natural Resource Damages Coordinator
P.O. Box 176
Jefferson City, MO 6510-0176

- 14 -

As to Defendant Teck American Incorporated:

Mark W. Schneider
Perkins Coie LLP
1201 Third Ave., Suite 4900
Seattle, WA  98101-3099

As to Defendant DII Industries, LLC

Thomas C. Jackson
Baker Botts LLP
The Warner
1299 Pennsylvania Ave., N.W.
Washington, DC  20004-2400

## XV.   EFFECTIVE DATE

19.     The effective date of this Consent Decree shall be the date upon which this

Consent Decree is entered by the Court, except as otherwise provided herein.

## XVI.   RETENTION OF JURISDICTION

20.     This Court will retain jurisdiction over this matter for the purpose of interpreting

and enforcing the terms of this Decree.

## XVII.   INTEGRATION/APPENDICES

21.     This Decree constitutes the final, complete, and exclusive agreement and

understanding with respect to the settlement embodied in this Decree. The Parties acknowledge

that there are no representations, agreements, or understandings relating to the settlement other

than those expressly contained in this Decree.

## XVIII.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

22.     This Decree will be lodged with the Court for a period of not less than 30 days for

public notice and comment. The Plaintiffs each reserve the right to withdraw or withhold their

- 15 -

consent if the comments regarding the Decree disclose facts or considerations that indicate this Decree is inappropriate, improper, or inadequate. Defendants consent to the entry of this Decree without further notice other than as required by the Federal Rules of Civil Procedure and the local rules of this Court.

23.     If for any reason this Court declines to approve this Decree in the form presented, this agreement may be voided at the sole discretion of any Party, and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XIX.   SIGNATORIES/SERVICE

24.     Each undersigned representative of the United States, the State of Missouri, and Defendants certifies that he or she is authorized to enter into the terms and conditions of this Decree and to execute and bind legally the Party that he or she represents to this document.

25.     Defendants each agree not to oppose entry of this Decree by this Court or to challenge any provision of this Decree unless any Plaintiff has notified Defendants in writing that it no longer supports entry of the Decree.

26.     Each Defendant will identify on the attached signature page the name and address of an agent who is authorized to accept service of process by mail on behalf of it with respect to all matters relating to this Decree. Each Defendant agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons.

## XX.   MODIFICATION

27.     No material modifications shall be made to any requirement under this Consent Decree without written notification to and written approval of the United States Department of

Justice and the Trustees, Defendants, and the Court.  Modifications to the Consent Decree that do not materially alter the terms of this Consent Decree may be made by written agreement among the United States Department of Justice, the Trustees and Defendants.

## XI.   TERMINATION

28.     This Decree shall terminate upon written notice, made in accordance with Section XIV, by Defendants to all Plaintiffs that all payments required under Section VII have been made, and all other applicable requirements of this Decree have been fulfilled, and subsequent written notice by the United States confirming the performance by Defendants of their payment and notification obligations under this Decree.  Such notice by the United States shall be sent within 45 calendar days of receipt by all Plaintiffs of the required payments and notice from Defendants.  If the United States fails to send such notice, this Decree shall terminate automatically on the 46th day following receipt by all Plaintiffs of the required payments and notice from Defendants.  The following provisions of this Decree shall survive termination: Section IX ("Covenant Not To Sue By Plaintiffs"); Section X ("Reservation of Rights"); Section XI ("Reopeners"); Section XII ("Covenant Not To Sue By Defendants"); and Section XIII ("Effect of Settlement/Contribution Protection").

XXII.   <u>FINAL JUDGMENT</u>

29.     Upon approval and entry of this Decree by the Court, this Decree will constitute the final judgment between and among the United States, the State, and Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


SO ORDERED THIS ___DAY OF_____2013.


_____
United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in United States v. Teck American Incorporated, and DII Industries, LLC

FOR THE UNITED STATES OF AMERICA

Date: 12/18/13

ROBERT G. DREHER
Acting Assistant Attorney General
Environment and Natural Resources Division

Date: 12/20/13

SEAN CARMAN
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044 - 7611
(202) 514-2746
sean.carman@usdoj.gov

- 19 -

FOR THE STATE OF MISSOURI

Date: 2/5/13

CHRIS KOSTER
Attorney General
Jessica L. Blome, MBE No. 59710
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102
Phone: (573) 751-3640
Fax: (573) 751-8796
jessica.blome@ago.mo.gov

Date : 2/19/13

Sara Parker Pauley, Director
Missouri Department of Natural Resources
P.O. Box 176
Jefferson City, MO 65102

- 20 -

FOR Teck American Incorporated:

Date: ___1/17/2013___

Phillip A. Pesek
Vice President

FOR DII INDUSTRIES, LLC:

Date: 2-1-13

JAMES FERGUSON
Vice President
DII Industries, LLC

Agent authorized to receive service of process by mail on behalf of DII Industries, LLC with respect to all matters relating to this Decree:

Corporation Trust Center
1209 Orange Street
Wilmington, Delaware 19801

- 22 -